

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Scott E. Bradford
Assistant U.S. Attorney
Scott.Bradford@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 16, 2017

Andrew Coit
Coit & Payment, P.C.
800 Willamette St, Suite 700
Eugene, Oregon 97401

Re: *United States v. Bradley Carter*
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the Information in which defendant is charged with fraud and related activity in connection with computers in violation of 18 U.S.C. § 1030(a)(2), (c)(2)(B)(i), and (c)(2)(B)(ii).

3. **Penalties**: The maximum sentence for Count One is five years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or to explain to the Court why this cannot be done.

4. **Elements**:

   - First, defendant intentionally accessed a computer without authorization; and

   - Second, by accessing a computer without authorization, defendant obtained information from a computer that was used in or affected interstate or foreign commerce

5. **Conduct**: The parties agree that the following facts are true, can be proved beyond a reasonable doubt, and are sufficient to support defendant's guilty plea to Count One of the Information in the above-captioned case.

Andrew Coit
Page 2
June 12, 2017

- On March 24, 27, and 28, 2016, defendant without authorization logged into the system of a third party vender for Safeway that stored customer information, including personal identifying information ("PII");

- Defendant does not work for Safeway or Safeway's third party vendor;

- Defendant obtained customers' PII from the third party vendor's system;

- Impersonating a Safeway employee, defendant used that PII to make harassing phone calls to Safeway customers;

- Defendant recorded the harassing phone calls and posted them to various online forums, including YouTube; and

- Defendant committed the offense to help drive traffic to his YouTube channels, obtain additional subscribers and page views, and secure additional advertising revenue. Thus, he committed the crime for purposes of a commercial advantage and private financial gain.

- In addition, defendant committed the offense with the purpose of intruding upon Safeway customers' private affairs and concerns in a way that would be offensive to a reasonable person and also with the intent to use customer information that he stole to conduct harassing phone calls, record them, and publicly post them to inflict severe emotional distress on those individuals. Hence, defendant committed the offense in furtherance of tortious acts in violation of the laws of Oregon, specifically, invasion of privacy and intentional infliction of emotional distress.

6.  **No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

7.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.  **Relevant Conduct**: The parties agree the loss associated with defendant's illegal conduct is approximately $19,600.

9.  **Restitution**: Pursuant to 18 U.S.C. § 3663A, defendant agrees to pay $19,600 in restitution to Safeway.

10. **Sentencing Enhancements and Departures**: The parties agree the following United States Sentencing Guidelines ("Guidelines") provisions apply:

   a. Section 2B1.1(a)(2) – defendant's base offense level is 6;

   b. Section 2B1.1(b)(1)(C) – because the loss is more than $15,000 but less than $40,000, a 4-level increase is warranted;

   c. Section 2B1.1(b)(2)(A)(i) – because the offense involved more than 10 victims, a 2-level increase applies: and

   d. Section 2B1.1(b)(17) – because defendant was convicted for an offense under 18 U.S.C. § 1030 and the offense involved and intent to obtain personal information, a 2-level increase applies.

11. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

12. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, except as specified in this agreement. Defendant reserves the right to argue for any sentence defendant feels appropriate under the factors set forth in 18 U.S.C. § 3553, and the USAO reserves the right to oppose any sentence defendant requests. Defendant further agrees that defendant will provide the government with notice of: (1) the factual basis for any such sentence; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

13. **Early Resolution**: If the defendant accepts this offer and enters a guilty plea **by July 15, 2017**, and foregoes all pretrial litigation, the government will recommend an additional **1-level**

---

**decrease** in the offense level to recognize defendant's early resolution and to achieve a reasonable sentence under the factors listed in 18 U.S.C. § 3553(a).

14. **Low End Range**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

15. **Waiver of Appeal/Post-Conviction Relief**: So long as the Court does not sentence defendant to a term of incarceration which exceeds the statutory maximum, he agrees to waive all rights he would otherwise have to appeal his convictions or sentence on any ground whatsoever. Defendant also agrees not to file a habeas petition under 28 U.S.C. § 2255, or any other similar post-conviction petition or motion, on any ground, except for ineffective assistance of counsel or retroactive amendments to the Guidelines. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.

16. **Disclosure of Financial Information**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

17. **Transfer of Assets**: Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually, or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

18. **Restitution Delineated**: The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution

for all losses caused by defendant's conduct, regardless of whether counts of the indictment or information dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the Court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the U.S. Attorney's Office immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

19. **Life of Agreement**: Defendant understands and agrees that the financial reporting obligation agreed to herein will be in effect through any period of probation or supervised release, and shall continue until such time as any fine or restitution ordered by the Court is paid in full.

20. **No Limitation on Collections**: Defendant agrees that if the Court imposes a schedule of payments, defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States

21. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

22. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Andrew Coit
Page 6
June 12, 2017

_____

23. **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

24. **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

25. **Deadline:** The USAO may revoke this plea at any time prior to entry of defendant's guilty plea, and it expires if not accepted by June 23, 2017, at 12 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

SCOTT E. BRADFORD
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/22/17
Date                                    Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/22/17
Date                                    Attorney for Defendant